

**ORIGINAL**

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
      FILED
    NOV - 2 2000
CLERK, U.S. DISTRICT COURT
By _____ Deputy
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VADIM KISILENKO, et al., On Behalf of Themselves and All Others Similarly Situated,<br><br>            Plaintiffs,<br><br>vs.<br><br>STB SYSTEMS, INC., et al.,<br><br>            Defendants. | No. 3:99-CV-2872-M<br>(Consolidated with No. 3:00-CV-290-M and 3:00-CV-713-T)<br><br>CLASS ACTION<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

```
ENTERED ON DOCKET
    NOV - 3 2000
U.S. DISTRICT CLERK'S OFFICE
```

37

On October 24, 2000, this matter came before the Court for hearing pursuant to the Order of this Court, dated August 1, 2000, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of July 14, 2000 (the "Stipulation"). Due and adequate notice complying with Federal Rule of Civil Procedure 23 and the requirements of due process having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class, as defined below.

3.  "Class" means all Persons who purchased or acquired STB stock between August 25, 1997 and May 1, 1998, inclusive. Excluded from the Class are Defendants, members of the immediate families of the individual Defendants, any entity in which any Defendant has or had a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity. No person timely and validly requested exclusion from the Class.

4.  With respect to the Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Class; (d) the Lead Plaintiff and her counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair

and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, just, reasonable and adequate to the Class and each Member of the Class. Accordingly, the settlement embodied in the Stipulation shall be consummated in accordance with the terms and provisions of the Stipulation.

6. The Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Class, and as against the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. Upon the Effective Date hereof, the Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

8. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

9. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10.     The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice of these proceedings and of the matters set forth therein which was practicable under the circumstances. Said Notice, which included the proposed settlement set forth in the Stipulation, was provided to all persons entitled to such Notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (ii) is or may deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, defendants may file the Stipulation and/or the Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

13.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: 11/2/00

THE HONORABLE BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE

Submitted by:

STANLEY, MANDEL & IOLA, L.L.P.
Marc R. Stanley
Texas State Bar No. 19046500
Roger L. Mandel
Texas State Bar No. 12891750

*[signature]*
MARC R. STANLEY

3100 Monticello Avenue
Suite 750
Dallas, TX 75205
Telephone: 214/443-4300

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
William S. Lerach
California Bar No. 68581
Keith F. Park
California Bar No. 54275
Helen J. Hodges
California Bar No. 131674
Jeffrey D. Light
California Bar No. 159515
Thomas E. Egler
California Bar No. 189871
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: 619/231-1058

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
Lesley E. Weaver
California Bar No. 191305
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545

Plaintiffs' Settlement Counsel